James F. Valentine (SBN 149269)
JValentine@perkinscoie.com
James C. Pistorino (SBN 226496)
JPistorino@perkinscoie.com
Heather Bobkova (SNB 257014)
HBobkova@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Defendant and Counterclaim-Plaintiff
INTEL CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FUZZYSHARP TECHNOLOGIES INCORPORATED,<br><br>            Plaintiff,<br><br>      v.<br><br>INTEL CORPORATION,<br><br>            Defendant. | Case No. 12-CV-4413 YGR<br><br>**INTEL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Intel Corporation ("Intel"), by and through its attorneys, for its Answer and Counterclaims to the Complaint for Patent Infringement by Plaintiff Fuzzysharp Technologies Incorporated ("Plaintiff"), states as follows:

**JURISDICTION AND VENUE**

1.      Intel admits that this case purports to be an action for patent infringement of United States Patent 6,172,679 ("the '679 Patent") and United States Patent 6,618,047 ("the '047 Patent").

2.      Intel admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Intel denies each and every allegation contained in Paragraph 3.

4. Intel does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5. Intel admits that it has a corporate office at 2200 Mission College Boulevard, Santa Clara, California 95052.

## INTRADISTRICT ASSIGNMENT

6. Intel admits that this case purports to be an action for patent infringement, which is assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

## CAUSES OF ACTION FOR PATENT INFRINGEMENT

7. Intel admits that the '679 Patent is titled "Visibility Calculations for 3D Computer Graphics and issued on January 9, 2001. Intel denies the remaining allegations of Paragraph 7 of the Complaint.

8. Intel does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9. Intel does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Intel admits that the '047 Patent is titled "Visibility Calculations for 3D Computer Graphics and issued on September 9, 2003. Intel denies the remaining allegations of Paragraph 10 of the Complaint.

11. Intel does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

## COUNT ONE

12. Intel hereby incorporates by reference its responses to Paragraph 1-11 above.

13. Paragraph 13 states legal conclusions as to which no response is required. To the extent a response is required, Intel denies the allegations.

## COUNT TWO

14. Intel hereby incorporates by reference its responses to Paragraphs 1-11 above.

15. Paragraph 13 states legal conclusions as to which no response is required. To the extent a response is required, Intel denies the allegations.

## PRAYER FOR RELIEF

16. Having responded to the allegations in the Complaint as set forth above, Intel denies that Plaintiff is entitled to any relief requested in its Prayer for Relief. In particular, because both the '679 and '047 patents have expired, Plaintiff is precluded from obtaining the injunctive relief that it requests.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to all claims purported to be set forth against it in the Complaint, including the Prayer for Relief therein, Intel alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

17. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

18. Intel does not infringe and has not infringed, either directly or indirectly, any claim of the '679 Patent or '047 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

19. The '679 Patent, and each claim thereof, is invalid because it fails to satisfy the conditions of patentability set forth in the provisions of the patent laws, 35 U.S.C. § 100 et seq., such as, for example, 35 U.S.C. §§ 101, 102, 103 and 112.

20. The '047 Patent, and each claim thereof, is invalid because it fails to satisfy the conditions of patentability set forth in the provisions of the patent laws, 35 U.S.C. § 100 et seq., such as, for example, 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred in whole or in part by license, by the doctrine of implied license, and/or by the doctrine of patent exhaustion.

## FIFTH AFFIRMATIVE DEFENSE

22. Plaintiff is barred from obtaining any relief sought in the Complaint because of the doctrines of laches and/or equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

23. Plaintiff is barred by 35 U.S.C. § 287 from recovering any damages for any alleged infringement of the '679 Patent or '047 Patent that occurred prior to actual, affirmative notice by Plaintiff or the filing of the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims for recovery against Intel are barred, in whole or in part, by 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiff is not entitled to injunctive or equitable relief with respect to Intel because Plaintiff has not suffered any irreparable injury and Plaintiff has an adequate remedy at law. Moreover, because both the '679 and '047 patents have expired, Plaintiff is precluded from obtaining injunctive relief.

### NINTH AFFIRMATIVE DEFENSE

26. Even if Plaintiff was to prevail in its claims against Intel, Intel has engaged in all relevant actions in good faith, thereby precluding Plaintiff from recovering any attorney's fees and/or costs under 35 U.S.C. § 285.

### TENTH AFFIRMATIVE DEFENSE

27. Plaintiff has failed to plead sufficiently to meet the requirements of 35 U.S.C. § 284 for enhanced damages.

### INTEL'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Intel for its counterclaims against Plaintiff and Counterclaim-Defendant Fuzzysharp Technologies Incorporated ("FuzzySharp") alleges as follows:

### THE PARTIES

1. Intel is a California corporation with a principal place of business at 2200 Mission College Boulevard, Santa Clara, California 95052.

2. Intel is informed and believes, and on that basis alleges, that Plaintiff is a Nevada corporation.

**JURISDICTION**

3. These counterclaims arise under the Patent Act, 35 U.S.C. § 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. An actual controversy exists between Intel and Plaintiff regarding the '679 Patent and the '047 Patent. Plaintiff has asserted that Intel infringes one or more claims of the '679 Patent and the '047 Patent. Intel denies that it infringes any claim of the '679 Patent or the '047 Patent and contends that any relevant claims of the '679 Patent and '047 Patent are invalid.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

**COUNT ONE**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,172,679**

5. Intel repeats and incorporates the allegations in Paragraph 1-4 as though fully set forth herein.

6. In its Complaint, Plaintiff alleges that it is the owner of the '679 Patent and that Intel infringes the '679 Patent.

7. Intel is not infringing, and has not infringed, either directly, contributorily, or by inducement, any valid, enforceable claim of the '679 Patent, either literally or under the doctrine of equivalents.

8. There exists an actual and justiciable controversy between Intel and Plaintiff with respect to the noninfringement of the claims of the '679 Patent.

9. Accordingly, Intel hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '679 Patent.

10. This is an exceptional case entitling Intel to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT TWO**

**Declaratory Judgment of Invalidity of U.S. Patent 6,172,679**

11. Intel repeats and incorporates the allegations in Paragraphs 1-10 as though fully set forth herein.

12. One or more claims of the '679 Patent are invalid under the patent laws of the United States as follows:

    (a) One or more of the claims of the '679 Patent are not patentable because the alleged inventions claimed therein do not constitute patentable subject matter as set forth in 35 U.S.C. § 101;

    (b) One or more of the claims of the '679 Patent are invalid under 35 U.S.C. § 102 because the alleged inventions claimed therein are anticipated by one or more prior art references;

    (c) One or more of the claims of the '679 Patent are invalid under 35 U.S.C. § 103 because the alleged inventions claimed therein are obvious to one having ordinary skill in the art in view of one or more prior art references; and

    (d) One or more of the claims of the '679 Patent are invalid under 35 U.S.C. § 112 because the specifications thereof do not contain adequate written descriptions of the alleged inventions, the manner and process of making and using the alleged inventions, and/or do not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter.

13. There exists an actual and justiciable controversy between Intel and Plaintiff with respect to the invalidity of the claims of the '679 Patent.

14. Accordingly, Intel hereby seeks entry of a declaratory judgment that the claims of the '679 Patent are invalid.

15. This is an exceptional case entitling Intel to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,618,047

16. Intel repeats and incorporates the allegations in Paragraph 1-15 as though fully set forth herein.

17. In its Complaint, Plaintiff alleges that it is the owner of the '047 Patent and that Intel infringes the '047 Patent.

1      18.    Intel is not infringing, and has not infringed, either directly, contributorily, or by inducement, any valid, enforceable claim of the '047 Patent, either literally or under the doctrine of equivalents.

4      19.    There exists an actual and justiciable controversy between Intel and Plaintiff with respect to the non-infringement of the claims of the '047 Patent.

6      20.    Accordingly, Intel hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '047 Patent.

8      21.    This is an exceptional case entitling Intel to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent 6,618,047

22.    Intel repeats and incorporates the allegations in Paragraphs 1-21 as though fully set forth herein.

23.    One or more claims of the '047 Patent are invalid under the patent laws of the United States as follows:

    (a)    One or more of the claims of the '047 Patent are not patentable because the alleged inventions claimed therein do not constitute patentable subject matter as set forth in 35 U.S.C. § 101;

    (b)    One or more of the claims of the '047 Patent are invalid under 35 U.S.C. § 102 because the alleged inventions claimed therein are anticipated by one or more prior art references;

    (c)    One or more of the claims of the '047 Patent are invalid under 35 U.S.C. § 103 because the alleged inventions claimed therein are obvious to one having ordinary skill in the art in view of one or more prior art references; and

    (d)    One or more of the claims of the '047 Patent are invalid under 35 U.S.C. § 112 because the specifications thereof do not contain adequate written descriptions of the alleged inventions, the manner and process of making and using the alleged inventions, and/or do

1  not conclude with one or more claims particularly pointing out and distinctly claiming the subject
2  matter.

3     24.    There exists an actual and justiciable controversy between Intel and Plaintiff with
4  respect to the invalidity of the claims of the '047 Patent.

5     25.    Accordingly, Intel hereby seeks entry of a declaratory judgment that the claims of
6  the '047 Patent are invalid.

7     26.    This is an exceptional case entitling Intel to an award of its attorneys' fees incurred
8  in connection with this action pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Intel denies that any of its products infringe any valid claims of the '679 Patent and the '047 Patent and seeks an order granting the following relief:

   a.   That Plaintiff take nothing by its Complaint, and that the Complaint be dismissed with prejudice;

   b.   That judgment be entered declaring that the claims of the '679 Patent and the '047 Patent are not infringed;

   c.   That judgment be entered declaring that the claims of the '679 Patent and the '047 Patent are invalid;

   d.   That judgment be entered declaring that this is an exceptional case, pursuant to 35 U.S.C. § 285 and/or other applicable laws, and awarding Intel its attorneys' fees incurred in connection with this action;

   e.   For Intel's costs and expenses; and

   f.   For such other and additional relief as this Court deems just and proper.

Dated:  November 28, 2012              **PERKINS COIE LLP**

                                        By:   */s/ James F. Valentine*
                                              James F. Valentine
                                              JValentine@perkinscoie.com

                                        Attorneys for Defendant and Counterclaim-
                                        Plaintiff INTEL CORPORATION

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim-Plaintiff Intel demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  November 28, 2012     **PERKINS COIE LLP**

By:   */s/ James F. Valentine*
James F. Valentine
JValentine@perkinscoie.com

Attorneys for Defendant and Counterclaim-Plaintiff INTEL CORPORATION

**CERTIFICATE OF SERVICE**

I certify that, on November 28, 2012, I electronically filed the foregoing with the Clerk of the United States Court for the Northern District of California by using the CM/ECF system.

By: */s/ James F. Valentine*
James F. Valentine