1   JAMES F. VALENTINE (SBN 149269)
    JValentine@perkinscoie.com
2   JAMES C. PISTORINO (SBN 226496)
    JPistorino@perkinscoie.com
3   KENNETH J. HALPERN (SBN 187663)
    KHalpern@perkinscoie.com
4   PERKINS COIE LLP
    3150 Porter Drive
5   Palo Alto, CA 94304-1212
    Telephone: 650.838.4300
6   Facsimile: 650.838.4350

7   *Attorneys for Defendant*
    *Intel Corporation*

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                         OAKLAND DIVISION

12  FUZZYSHARP TECHNOLOGIES,
    INCORPORATED                          Case No. 12-CV-4413 YGR
13
                     Plaintiff,
14                                         **MEMORANDUM OF POINTS AND**
         v.                                **AUTHORITIES IN SUPPORT OF INTEL**
15                                         **CORPORATION'S MOTION FOR AN**
    INTEL CORPORATION,                     **UNDERTAKING**
16
                     Defendant.
17                                         **Date:**     April 30, 2013
                                           **Time:**     2:00 P.M.
18                                         **Dept.:**    Courtroom 5 – 2nd Floor
                                           **Judge:**    Hon. Yvonne Gonzalez Rogers
19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION ........................................................................................................ 1

4    II.   FACTUAL BACKGROUND ...................................................................................... 2

5    III.  ARGUMENT .............................................................................................................. 3

6
7          A.    Section 1030 Of The California Code Of Civil Procedure Provides For
                 Imposition A Bond As Security For Costs And Fees If The Criteria Are
8                Met ................................................................................................................... 3

9          B.    The Requirements of Section 1030 Have Been Met .............................................. 5

10               1.    Fuzzysharp is a Foreign Corporation .......................................................... 5

11               2.    There is a "Reasonable Possibility" That Intel Will Prevail ...................... 5

12
                       a.    There is a Reasonable Possibility that the Asserted Claims
13                           Are Invalid ...................................................................................... 6

14                     b.    The Accused Intel Products Do Not Infringe, and Plaintiff
                             Has Failed to Present a Prima Facie Case of Infringement............ 7

15
16               3.    Intel Has Incurred and Will Incur Substantial Costs and Attorney's
                       Fees ................................................................................................................ 10

17    IV.   CONCLUSION ............................................................................................................ 12

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

CASES                                                                                                          Page

3

*AF Holdings LLC v. Navasca,*

4
   Case No. 12-cv-02396-EMC, 2013 WL 450383 (N.D. Cal. Feb. 5, 2013) ....................... 5, 10

5

*AF Holdings LLC v. Trinh,*
   Case No. 12-cv-02393-CRB (N.D. Cal., Dkt. No. 23, Nov. 9, 2012) .................................... 5

6

*Alshafie v. Lallande,*

7
   171 Cal. App. 4th 421 (2009)................................................................................................. 4

8

*Baltayan v. Estate of Getemyan,*
   90 Cal. App. 4th 1427 (2001)............................................................................................. 4, 6

9

10

*BigFix Asia Pte Ltd. v. BigFix, Inc., et. al.,*
   Case No. 08-cv-4023-JF (N.D. Cal., Dkt. No. 29, Feb. 2, 2009)........................................... 5

11

*Bilski v. Kappos,*

12
   561 U.S. ___, 130 S.Ct. 3218 (2010) ................................................................................... 2

13

*Duraflame, Inc. v. Hearthmark, LLC,*
   2012 WL 4097741 (N.D. Cal. 2012)..................................................................................... 8

14

15

*Fuzzysharp Techs., Inc. v. 3D Labs, Inc.,*
   447 Fed. Appx. 182 (Fed. Cir. 2011) ................................................................................. 3, 6

16

*Fuzzysharp Techs., Inc. v. 3D Labs, Inc.,*

17
   2009 WL 4899215 (N.D. Cal. Dec. 11 2009) ....................................................................... 6

18

*Fuzzysharp Technologies, Inc. v. NVIDIA Corp.,*
   12-cv-06375-JST (N.D. Cal.)................................................................................................. 3

19

*Fuzzysharp Technologies, Inc. v. Sony Computer Entertainment America, Inc.,*

20
   13-cv-00447-PJH (N.D. Cal.) ............................................................................................... 3

21

*Fuzzysharp Techs., Inc. v. 3D Labs, et al.,*
   07-cv-05948-SBA (N.D. Cal.) ........................................................................................... 2, 3

22

23

*Fuzzysharp Techs., Inc. v. Intel Corp.,*
   12-cv-2360-DMR (N.D. Cal.)................................................................................................ 3

24

25

*Hiradie v. Vast Systems Tech. Corp., et. al.,*
   Case No. 08-cv-4714-RMW, 2009 WL 2390352 (N.D. Cal. Aug. 3, 2009) ......................... 5

26

*Gabriel Techs. Corp. v. Qualcomm, Inc.*

27
   2010 WL 3718848 (S.D. Cal. Sep. 20, 2010). ................................................................... 4, 5

28

1

2

**TABLE OF AUTHORITIES**
(continued)

3

CASES                                                                                          Page

4

5

*Kourtis v. Cameron*,
  358 Fed. Appx. 863 (9th Cir. 2009) ........................................................................... 4

6

*Simulnet East Assocs. v. Ramada Hotel Operating Co.*,
  37 F.3d 573 (9th Cir. 1994) ....................................................................................... 4

7

8

STATUTES

9

35 U.S.C. § 101 .................................................................................................................. 2

10

Cal. Code Civ. Proc. § 1030 ............................................................................................ passim

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION**

2

**TO:     THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF
            RECORD**

3

4         PLEASE TAKE NOTICE THAT on April 30, 2013, at 2:00 p.m., or as soon thereafter as

5    the matter may be heard, in Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, California 94612

6    before the Honorable Yvonne Gonzalez Rogers, Defendant and Counterclaim-Plaintiff Intel

7    Corporation ("Intel") will, and hereby does, move the Court for an order requiring Plaintiff

8    Fuzzysharp Technologies, Inc. ("Fuzzysharp") to file an undertaking to continue with this case.

9         This motion is made pursuant to Section 1030 of the California Code of Civil Procedure

10   on the grounds that Fuzzysharp is a foreign (i.e., non-California) corporation and that there is a

11   "reasonable possibility" that Intel may prevail against Fuzzysharp's claims.  The asserted patents

12   have expired, and the patent claims asserted in a prior case (all of which are also asserted here)

13   were held to be invalid for claiming unpatentable subject matter.

14        The Motion is based upon this Notice, the accompanying Memorandum of Points and

15   Authorities, the accompanying Declaration of James F. Valentine and exhibits thereto, any reply

16   memorandum, the pleadings and files in this action, and such other matters as may be presented at

17   or before the hearing.

18   DATED:  March 26, 2013

19                                                    By:   /s/James F. Valentine
                                                           James F. Valentine

20
                                                      Attorneys for Defendant
21                                                    INTEL INC.

22

23

24

25

26

27

28

INTEL'S MOTION FOR AN UNDERTAKING
Case No.: 12-CV-4413 YGR

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3         Pursuant to Section 1030 of the California Code of Civil Procedure, Defendant Intel

4    moves the Court to require Plaintiff Fuzzysharp to file an undertaking of $700,000 to continue

5    with this case.  Section 1030 is designed to protect California defendants from foreign plaintiffs

6    that utilize courts in California but are effectively immune from judgments imposing costs and

7    attorney's fees because the plaintiff is foreign to California.  Under the statute, the defendant must

8    show: (1) that the plaintiff is not a California resident (in the case of natural persons) or is a

9    foreign (i.e. non-California) corporation; and (2) that there is a "reasonable possibility" that the

10   defendant may prevail against the plaintiff's claims.  The defendant must also provide an estimate

11   of costs and attorney's fees that may be recoverable under any statute.  C.C.P. 1030(a).  On such a

12   showing, the statute provides for an imposition of a bond for defendant's costs and attorneys' fees

13   in an amount set by the Court or the case will be dismissed.  Cal. Code Civ. Proc. § 1030(d).  The

14   section is applicable in matters arising solely under federal subject matter jurisdiction and has

15   been applied in patent and copyright cases by other courts in this state.  Moreover, the Ninth

16   Circuit has approved the use of undertakings under Section 1030 and under similar laws of other

17   states.

18         This case is exactly the kind contemplated by Section 1030.  Plaintiff is a foreign

19   corporation with no known assets in California (or anywhere else) that has brought suit in

20   California.  The asserted patents have expired, and the patent claims Plaintiff asserted in a prior

21   case — all of which it asserts here — were held to be invalid for claiming unpatentable subject

22   matter.  Although that decision was remanded, the Federal Circuit explicitly endorsed this Court's

23   subject-matter analysis, and instructed the Court to apply further standards for patentable subject

24   matter announced by intervening Supreme Court cases.  Plaintiff avoided further evaluation of the

25   validity of its patents by dismissing that case.  Additionally, the patents are directed to a crowded

26   field, and the asserted claims are invalid in view of prior art such as the Salesin reference.

27   Furthermore, the patents are not infringed by the accused products, as evidenced by Plaintiff's

28   conclusory and incomplete infringement contentions.  The costs and attorney's fees involved in

1   defending even an unmeritorious patent case are substantial and may compel a defendant to settle

2   when there is little prospect of the defendant recovering its expenses if successful.  For the

3   reasons set forth below, Intel's motion should be granted.

4   **II.      FACTUAL BACKGROUND**

5          Fuzzysharp alleges that Intel infringes certain claims of U.S. Patents Nos. 6,172,679 ("the

6   '679 patent") and 6,618,047 ("the '047 patent").  The '679 patent issued on an application filed

7   after June 1995 claiming priority to a PCT application filed on June 19, 1992.  Exh. 1, '679

8   patent.[1]  Accordingly, the '679 patent expired on June 19, 2012 (i.e., 20 years from the first claim

9   of priority).  The '047 patent also issued on an application filed after June 1995 claiming priority

10  to the same PCT application.  Exh. 2, '047 patent.  Accordingly, the '047 patent also expired on

11  June 19, 2012.  The claims of the '679 and '047 patents generally relate to calculations used in

12  the field of 3D graphics.

13         Fuzzysharp alleges that it is a Nevada corporation.  Complaint (Dkt. No. 1) at ¶ 4

14  ("Plaintiff FST, is a corporation organized under the laws of the State of Nevada.").

15         In November 2007, Fuzzysharp filed suit in this District alleging infringement of the '679

16  and '047 patents by 3D Labs, Inc. Ltd. ("3D Labs") and others.  *See Fuzzysharp Techs., Inc. v.*

17  *3D Labs, et al.*, 07-cv-05948-SBA (N.D. Cal.) ("*3D Labs* case").  That case was assigned to

18  Judge Armstrong.  In December 2009, Judge Armstrong granted 3D Labs' motion for summary

19  judgment that the asserted claims of the '679 and '047 patents were invalid under 35 U.S.C. § 101

20  as claiming unpatentable subject matter.  Exh. 3, *3D Labs* case, Dkt. No. 90.  In reaching that

21  conclusion, Judge Armstrong applied the then-prevailing test for patentable subject matter (the

22  "machine-or-transformation" test) and concluded that the asserted claims did not meet that

23  standard.  While Fuzzysharp's appeal to the Federal Circuit was pending, the Supreme Court

24  issued its decision in the *Bilski* case.  *Bilski v. Kappos*, 561 U.S. ___, 130 S.Ct. 3218 (2010).

25  There, the Supreme Court approved use of the "machine-or-transformation" test, but also held

26  that that was not the sole test for patentable subject matter.  *Id.* at 3227.  Subsequently, the

27  _____

28  [1] All exhibits cited herein are attached to the Declaration of James F. Valentine in Support of Intel's Motion for an Undertaking ("Valentine Declaration").

1  Federal Circuit affirmed Judge Armstrong's decision that the asserted claims did not meet the

2  machine-or-transformation test, but remanded the case for further consideration in light of *Bilski*.

3  *Fuzzysharp Techs., Inc. v. 3D Labs, Inc.*, 447 Fed. Appx. 182, 184-85 (Fed. Cir. 2011).  Soon

4  thereafter, Fuzzysharp dismissed the *3D Labs* case, thereby shielding the claims from further

5  scrutiny.

6      In May 2012, Fuzzysharp filed suit in this District alleging infringement of the '679 and

7  '047 patents by Intel.  *Fuzzysharp Techs., Inc. v. Intel Corp.*, 12-cv-2360-DMR (N.D. Cal.).

8  Fuzzysharp dismissed that case in June 2012 prior to serving the complaint.  In August 2012 (i.e.,

9  after the expiration of the '679 and '047 patents), Fuzzysharp filed this case, again alleging

10 infringement by Intel.  Fuzzysharp's recently-served infringement contentions assert that 40

11 claims of the '679 and '047 patents are infringed but fail to clearly identify any allegedly

12 infringing products, or any hardware or software that corresponds to the elements of the asserted

13 claims.  In December 2012 and January 2013, Fuzzysharp filed suits in this District alleging

14 infringement of the '679 and '047 patents by NVIDIA and Sony, respectively.[2]

15 **III.    ARGUMENT**

16     **A.    Section 1030 Of The California Code Of Civil Procedure Provides For
           Imposition A Bond As Security For Costs And Fees If The Criteria Are Met**
17

18      Section 1030 is a California statute designed to protect defendants in California courts.

19 Should the defendant prevail, the plaintiff would typically be liable for costs and might also be

20 liable for attorney's fees.  Enforcing a judgment for costs and fees, however,  can prove difficult

21 or impossible against a foreign corporation.  Section 1030 addresses these concerns:

22      The purpose of the statute is to enable a California resident sued by an out-of-state
        resident to secure costs in light of the difficulty of enforcing a judgment for costs
23      against a person who is not within the court's jurisdiction.  The statute therefore
        acts to prevent out-of-state residents from filing frivolous lawsuits against
24      California residents.

25

26

27      [2] *See Fuzzysharp Technologies, Inc. v. NVIDIA Corp.*, 12-cv-06375-JST (N.D. Cal.);
*Fuzzysharp Technologies, Inc. v. Sony Computer Entertainment America, Inc.*, 13-cv-00447-PJH
28 (N.D. Cal.).

1  *Alshafie v. Lallande*, 171 Cal. App. 4th 421, 428 (2009) (*quoting Yao v. Superior Court*, 104 Cal.

2  App. 4th 327, 331 (2002)) (citation, quotations omitted).

3      Pursuant to Section 1030(a), on a motion seeking an undertaking, the defendant need only

4  show that: (1) the plaintiff is a foreign corporation; and (2) there is a "reasonable possibility" that

5  the defendant may prevail on the merits of the action.  *See, e.g.*, *Baltayan v. Estate of Getemyan*,

6  90 Cal. App. 4th 1427, 1430 (2001).  If the grounds for the motion are established, Section

7  1030(c) provides for the imposition of an undertaking.[3]  If the plaintiff does not file an

8  undertaking within 30 days after service of the Court's order, the action is dismissed.  C.C.P. §

9  1030(d).  A motion under section 1030 may be filed at any time. C.C.P. § 1030(a).

10      The Ninth Circuit has approved the use of undertakings under Section 1030 in federal

11  courts.  *Kourtis v. Cameron*, 358 Fed. Appx. 863, 866-67 (9th Cir. 2009) (affirming C.C.P. §

12  1030 order in copyright case).  Likewise, in *Simulnet East Assocs. v. Ramada Hotel Operating*

13  *Co.*, 37 F.3d 573 (9th Cir. 1994), the Ninth Circuit addressed the issue in the context of a very

14  similar Nevada law and held:

15      There is no specific provision in the Federal Rules of Civil Procedure relating to
    security for costs.  However, the federal district courts have inherent power to
16      require plaintiffs to post security for costs.  Typically[,] federal courts, either by
    rule or by case-to-case determination, follow the forum state's practice with
17      regard to security for costs, as they did prior to the federal rules; this is especially
    common when a non-resident party is involved.
18

19  *Id.* at 574 (internal citations omitted).[4]

20      Section 1030 has also been applied in California federal cases arising under the patent

21  laws.  In *Gabriel Techs. Corp. v. Qualcomm, Inc.*, the Court ordered the plaintiff to file an

22  undertaking in the amount of $800,000 to avoid dismissal of plaintiff's claims seeking, *inter alia*,

---

23      [3] In support of the motion, the defendant submits an affidavit setting forth the amount of
    costs and attorneys fees incurred through the filing of the motion and the amount expected to be
24  incurred through the end of the case.  C.C.P. § 1030 (b).
        [4] In *Simulnet*, the Ninth Circuit concluded that the district court did not properly apply the
25  relevant Nevada statute.  The Ninth Circuit then reviewed the bond assuming that it was imposed
    under the court's inherent powers.  In that analysis, the Ninth Circuit approvingly cited several
26  considerations identified in a case from the First Circuit.  *Id.* at 576.  While a bond in this case
    would also be appropriate under the factors relied on in *Simulnet*, Intel believes that the
27  appropriate analysis is simply to apply C.C.P. § 1030.  Intel notes that the Ninth Circuit did not
    apply the *Simulnet* factors in affirming the bond applied in *Kourtis*, which was imposed under
28  C.C.P. § 1030 and not the Court's inherent powers.

1    to correct inventorship.  Case No. 08-cv-1992-AJB, 2010 WL 3718848, *5-*6, *13-*15 (S.D.

2    Cal. Sep. 20, 2010).  Section 1030 has been applied by other judges in this District, including

3    Judge Fogel (*BigFix Asia Pte Ltd. v. BigFix, Inc., et. al.*, Case No. 08-cv-4023-JF (N.D. Cal., Dkt.

4    No. 29, Feb. 2, 2009) (breach of contract)), Judge Ronald Whyte (*Hiradie v. Vast Systems Tech.*

5    *Corp., et. al.*, Case No. 08-cv-4714-RMW, 2009 WL 2390352 at *14 (N.D. Cal. Aug. 3, 2009)

6    (shareholder rights)), Judge Breyer (*AF Holdings LLC v. Trinh*, Case No. 12-cv-02393-CRB

7    (N.D. Cal., Dkt. No. 23, Nov. 9, 2012) (copyright)), and Judge Chen (*AF Holdings LLC v.*

8    *Navasca*, Case No. 12-cv-02396-EMC, 2013 WL 450383 (N.D. Cal. Feb. 5, 2013) (copyright)).

9        As recently explained by Judge Chen, "reasonable possibility" under Section 1030(b) is a

10    relatively low standard.  The defendant is "not required to show that there is no possibility" of the

11    plaintiff prevailing, only that "it is reasonably possible" that the defendant will prevail.  *Navasca*,

12    2013 WL 450383, at *1 (quoting *Baltayan*, 90 Cal. App. 4th at 1432) (requiring undertaking).

13    Judge Chen further noted that a "reasonable possibility" of success is a lower threshold than even

14    a "reasonable probability or likelihood" of prevailing.  *Id.* at *2.  This case clears the "reasonable

15    possibility of success" threshold.

16        **B.**     **The Requirements of Section 1030 Have Been Met**

17          **1.**     **Fuzzysharp is a Foreign Corporation**

18        In its Complaint, filed on August 22, 2012, Fuzzysharp alleges that it is a foreign

19    corporation.  Complaint ¶ 4 ("Plaintiff FST, is a corporation organized under the laws of the State

20    of Nevada.").  Intel notes, however, that the website of the Nevada Secretary of State reports that

21    Fuzzysharp dissolved on October 4, 2012 (Exh. 4), two months before Fuzzysharp filed a

22    Certificate of Interested Parties in this case on December 3, 2012 (Exh. 5), which did not indicate

23    any change in Fuzzysharp's corporate status or disclose any other entities.  While Fuzzysharp's

24    status is unclear, taking the allegations in the Complaint as true, Fuzzysharp is a foreign

25    corporation.

26          **2.**     **There is a "Reasonable Possibility" That Intel Will Prevail**

27        Fuzzysharp alleges that Intel has infringed claims 1, 4, and 5 of the '679 patent and claims

28    1-6, 8-13, 15-17, 20, 21, 23-25, 27, 46, 47, 49, 51, 54, 55, 57-59, 61-65, 67, and 68 of the '047

INTEL'S MOTION FOR AN UNDERTAKING
Case No.: 12-CV-4413 YGR

1   patent.  There is a "reasonable possibility" that Intel will prevail in its defense that the asserted

2   claims are invalid (either as claiming unpatentable subject matter or in light of prior art) or that

3   Fuzzysharp will not meet its burden of showing that Intel infringes.

4       **a.   There is a Reasonable Possibility that the Asserted Claims Are Invalid**

5           With respect to invalidity on the ground that the claims are drawn to unpatentable subject

6   matter, this Court has already determined that all of the claims that were asserted in the *3D Labs*

7   case (claims 1, 4, and 5 of the '679 patent and claims 1 and 12 of the '047) are patent-ineligible

8   under the machine-or-transformation test.  *3D Labs*, 2009 WL 4899215, at *5 (N.D. Cal. Dec. 11,

9   2009).  Although that holding was vacated and remanded by the Federal Circuit so that the Court

10   could consider some relevant intervening decisions of the U.S. Supreme Court, the Federal

11   Circuit agreed with this Court's application of the machine-or-transformation test and its

12   conclusion that those claims failed to claim statutory subject matter under that test.  *3D Labs*, 447

13   Fed. Appx. 182, 184-85 (Fed. Cir. 2011).  *See Baltayan*, 90 Cal. App. 4th at 1432 (reasonable

14   possibility of defendant prevailing shown by prior arbitration decision in favor of defendant).

15   While Fuzzysharp has here asserted additional claims of the '047 patent that it did not assert in

16   *3D Labs*, those claims do not meaningfully differ from the claims held invalid in *3D Labs.*  Intel's

17   motion for judgment on the pleadings that each of the asserted claims is invalid for claiming

18   unpatentable subject matter is already pending before the Court. Dkt. No. 28.  For the reasons set

19   forth in that motion, there is at least a "reasonable possibility" that Intel will prevail in this action.

20           With respect to invalidity in light of prior art, the claims of the patents in suit are

21   sufficiently broad to encompass invalidating prior art.  The patents relate to "occlusion culling,"

22   which has been practiced in the field of computer graphics since the 1970s.  Occlusion culling is

23   the practice in computer graphics of identifying which surfaces would not be visible in a scene

24   viewed from the perspective of a given viewpoint or set of viewpoints, and then ignoring the

25   invisible surfaces when rendering the scene as it would appear from that viewpoint or group of

26   viewpoints.  The asserted claims are methods that boil down to the following basic steps: (1)

27   before carrying out visibility-related computations; (2) identifying at least one part of a surface in

28   a 3-dimensional scene that is always visible from a given set of vantage points or always

INTEL'S MOTION FOR AN UNDERTAKING
Case No.: 12-CV-4413 YGR

invisible;[5] and (3) then ignoring an always invisible part or an always visible part of the surface during future visibility computations.  Many different ways of performing those steps were known in the prior art, and the '047 and '679 patent claims are broad enough to encompass prior art methods.  For example, an article by Professor David Salesin published in 1989 discloses an algorithm for rendering 3-D graphics images that is (1) "divided into two phases," the first phase of which is a "quick visibility test" (the second is the actual rendering of the image) such that, (2) the first-phase visibility test looks at each part of the image surface (called a "tile"), and "the new tile is thrown away if it is completely obscured" by those already identified [*i.e.*, it is always invisible] or "the tiles already in the list are thrown away if they are completely obscured by the new one," [*i.e.*, it is always visible], and (3) carries out the rendering calculations to draw the object without the discarded tiles.  Exh. 6, "The ZZ Buffer: a Simple and Efficient Rendering Algorithm with Reliable Antialiasing," Proceedings of PIXIM (September, 1989), at 2-3.[6]  There is a reasonable possibility that prior art such as the Salesin reference invalidates the asserted claims.

### b.  The Accused Intel Products Do Not Infringe, and Plaintiff Has Failed to Present a *Prima Facie* Case of Infringement

As set forth in the Complaint, Fuzzysharp alleges that Intel directly infringes the asserted claims.  To the extent that Intel understands which products are accused, the accused products do not meet several of the claim limitations.  For example, the claims require that always invisible or always visible surfaces be detected and that future visibility determinations be ignored with respect to those surfaces.  One reason why the accused products do not infringe is because the accused products never determine to skip any visibility calculations.  At least that critical step, which is required by every asserted claim, is not practiced by the accused products.  Accordingly, Intel does not infringe the patents.

---

[5] The '679 claims additionally require identifying the surfaces that are neither always visible nor always invisible and maintaining a record of these remaining surfaces.  Exh. 1, claim 1.

[6] The Salesin reference also discloses the third category of surfaces recited in the '679 patent claims, the "potentially visible objects" that are neither always invisible, nor always visible.  Exh. 6, at 3.

That Fuzzysharp will not be able to make out an infringement case is illustrated by Fuzzysharp's inability to present any theory in its infringement contentions as to how the accused Intel products infringe.[7]   The Patent Rules require infringement contentions "identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality" to ensure that plaintiffs have a basis for the charge of infringement.  P.R. 3-1(c); *Duraflame, Inc. v. Hearthmark, LLC*, 2012 WL 4097741, *2 (N.D. Cal. 2012) ("The purpose of the Patent Local Rules is to crystallize a plaintiff's infringement contentions" by requiring them "to articulate with specificity the claims and theory" of infringement) (citation, quotation omitted).  But Fuzzysharp's infringement contentions provide no limitation-by-limitation analysis of the accused products, and no evidentiary support for any claim limitation being met by any of Intel's products.  Instead, Fuzzysharp notes in a preface to its charts that some Intel products are capable of supporting two standards (OpenGL 3.0 and DirectX 10.1) and then presents, as purported evidence, its own conclusory statements that the products infringe.  As such, Fuzzysharp's infringement contentions fail to comply with P.R. 3-1 on several levels.

In many instances, Fuzzysharp provides nothing more than a conclusory assertion that the accused products practice the limitation. Fuzzysharp's charts are devoid of any identification as to where each limitation is actually found in the accused products, as required by P.R. 3-1. Illustrative of this deficiency is Fuzzysharp's chart entry for claim 54 of the '047 patent, which states only that "Intel products carry out this function":

| **Claim 54.** The method of claim 46, wherein said updating step comprises: | |
|---|---|
| performing a depth comparison test between data associated with each of said identified cell or cells with said stored data in an element of said computer storage, wherein said element is the one associated with said cell; and | Intel products carry out this function. |
| if said test indicates that update is necessary for said cell, writing said data associated with said cell into said associated element. | Intel products carry out this function. |

Exh. 8 at 10.

_____

[7] Fuzzysharp served its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions ("infringement contentions") on March 11, 2013.  Exhs. 7 and 8.

1   A close variation to Fuzzysharp's use of conclusory language is Fuzzysharp's use of mere

2   paraphrases of the claim language.  For example, limitation (a) of claim 1 of the '679 patent

3   requires determining whether a "surface" is "an always unoccluded surface, an always hidden

4   surface, or a remaining surface[.]"  Fuzzysharp's chart states: "This test determines of [sic] a

5   surface is always hidden.  If it is hidden, then the information is stored in a buffer for later

6   reference."  Exh. 7 at 4.  This is nothing more than another way of saying, "Intel products carry

7   out this function."

8   Fuzzysharp also provides no text for large numbers of claims and claim elements.  For

9   example, Fuzzysharp's disclosure simply says "*similar*" (but not identical) to some other claim.

10   Fuzzysharp's chart entry for Claim 46 of the '047 patent, reproduced below, is illustrative of the

11   deficiencies that pervade Fuzzysharp's infringement contentions:

| Claim 46. A method of reducing visibility computations in 3-D computer graphics, the method comprising: | *Similar to claim 1, with detail coverage on operations involving regions on a projection plane.* |
|---|---|
| computing the visibility of a set of entities selected from 3-D surfaces and sub-elements of said 3-D surfaces from the perspective of a group of at least one viewpoint, wherein said computing step comprises: | |
| employing at least one projection plane for generating projections with said selected set of 3-D surfaces and said sub-elements with respect to said perspective of a group of at least one viewpoint; | |
| identifying regions on said at least one projection plane; wherein said regions are related to the projections associated with said 3-D surfaces, said sub-elements, or bounding volumes of said 3-D surfaces or said sub-elements from said perspective; | |
| updating the data related to said regions in computer storage; and | |
| deriving the visibility of at least one of said 3-D surfaces or said sub-elements from the data stored in said computer storage, and | |
| skipping at least an occlusion relationship calculation at each of subsequent step or steps of visibility computations, wherein said visibility computations in each of said step or steps is from the perspective of each viewpoint from said group, or from the perspective of a subset of viewpoints from said group, for at least one entity that has been determined to be visible in said computing step. | |

25   Exh. 8 at 8-9 (claim 46 of the '047 patent); *see also* Exh. 8 at 8-13 (claims 23, 24, 25, 27, 47, 49,

26   54, 55, 59, 61, 62, and 63 of the '047 patent).  In instances where Fuzzysharp added an additional

27   phrase to the "similar" recitation, none of the additions indicated where each claim limitation can

28   be found in any Accused Instrumentality.  *See* Exh. 8 at 8 (claim 46), 10 (claim 57), 11 (claim

INTEL'S MOTION FOR AN UNDERTAKING
Case No.: 12-CV-4413 YGR

64), 12 (claim 65), 13 (claims 67, 68).  Of the 40 claims that Fuzzysharp is asserting, at least 19

fall into one of the above categories of defects.

In other instances, Fuzzysharp supports its contentions with only vague allusions to

unspecified documents.  For example, the first element of claim 1 of the '047 patent requires:

"identifying grid cells which arc [sic] under or related to the projections or extents of projections

associated with at least one of said 3-D surfaces or their sub-elements."  Fuzzysharp's disclosure

states: "As noted above [referring to the prefatory language], the documents disclose these are

steps carried out by Intel products for identifying hidden surfaces.  The information is stored in a

buffer."  Exh. 8 at 4.  The "documents" referenced are numerous and voluminous, and none of

them clearly identifies anything that corresponds to the function recited in the claim element.[8]

Similar defects abound in the chart entries for the other asserted claims.[9]

That Fuzzysharp has failed to provide the disclosures required by the Patent Rules on an

issue it bears the burden of proving at trial further shows that Intel has a reasonable possibility of

prevailing.  *See Navasca*, 2013 WL 450383, at *2-*3 (finding defendant had a reasonable

possibility of prevailing based on plaintiff's failure to identify evidence that could carry its

burden to show copyright infringement).

### 3.    Intel Has Incurred and Will Incur Substantial Costs and Attorney's Fees

As noted above, Fuzzysharp has asserted 40 claims from two patents with the relevant

inventive events stretching back more than 20 years.  Investigating the merits of this case will be

time-consuming and expensive, and those expenses have been multiplied by the large number of

claims Fuzzysharp asserts.

As set forth in the Valentine Declaration, Intel has incurred to date costs of approximately

$500 and attorney's fees in an amount exceeding $325,000.  Valentine Declaration ¶¶ 2 and 4.

These attorney's fees were incurred in reviewing the patents and file histories, reviewing the

---

[8] For example, Fuzzysharp cites to three OpenGL Graphics System specifications in their entirety and without identification of specific pages, even though these three documents each contain between 300 and 500 pages.

[9] In addition, Fuzzysharp failed to provide a chart for each Accused Instrumentality. Instead, only two charts, one for each asserted patent, accompanied Fuzzysharp's infringement contentions and purported to accuse multiple and distinct products.  *See generally*, Exhs. 7 and 8.

1   proceedings in the prior cases, conducting infringement and invalidity analyses (including prior

2   art searches), preparing the motion to dismiss that has already been filed, preparing invalidity

3   contentions for forty claims (which are currently due on April 25), searching for and collecting

4   relevant documents and evidence, preparing written discovery, and addressing all the other

5   aspects of this litigation.  Going forward, Intel conservatively estimates that it will incur

6   additional costs of at least $100,000 and attorney's fees in excess of $400,000, which include the

7   costs for document collection, review, and production, expert witness fees, and trial.  Valentine

8   Declaration ¶¶ 3 and 4.  These amounts are consistent with typical surveys of the costs of patent

9   litigation in the San Francisco area.  The median expense of a patent case seeking $1-$25 million

10  is $1,500,000 through discovery and $2,500,000 through trial.  *See* Exh. 9, AIPLA Report of

11  Economic Survey 2011, at 35.  The median expense for a patent case seeking $1-$25 million in

12  San Francisco of $1,820,000 through discovery and $2,500,000 through trial.  *Id.* at I-153.

13       In sum, Fuzzysharp has made a great number of unsubstantiated, conclusory allegations to

14  inflate Intel's litigation expenses in the hope of procuring a nuisance settlement.  Every

15  accusation made by Fuzzysharp forces Intel to expend additional resources.  By deliberately

16  failing to provide adequate disclosures, Fuzzysharp has inflated Intel's expenditures for the

17  further reason that Intel must now devote additional resources to extract from Fuzzysharp what

18  the Patent Rules already require.  Fuzzysharp can engage in such tactics without fear of reprisal

19  because Fuzzysharp is, as a practical matter, insulated from any risk that it might have to repay

20  Intel's fees or costs if Intel prevails.[10]  This is exactly the scenario in which Section 1030 is

21  designed to protect California litigants.

22  //

23  //

24  //

25  //

26  //

27

28

---

[10] The fact that Fuzzysharp appears to be dissolved heightens the difficulty that Intel will face in seeking fees and costs if Intel prevails.

INTEL'S MOTION FOR AN UNDERTAKING
Case No.: 12-CV-4413 YGR

1

## IV.    CONCLUSION

2       For the foregoing reasons, Intel respectfully requests that the Court order Fuzzysharp to

3   file an undertaking in the amount of $700,000[11] within 30 days or dismiss this case.

4   Dated:  March 26, 2013

5                                          By:  _____/s/James F. Valentine_____
                                                James F. Valentine
6                                               jvalentine@perkinscoie.com

7                                          Attorneys for Defendant and
                                           Counterclaim-Plaintiff
8                                          *INTEL CORPORATION*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
_____
28      [11] Given that this proposed amount is significantly lower than the expense of a typical patent case, Intel reserves the right to seek an additional bond should circumstances warrant.

## **CERTIFICATE OF SERVICE**

I certify that, on March 26, 2013, I electronically filed the foregoing with the Clerk of the United States Court for the Northern District of California by using the CM/ECF system.

By _/s/ James F. Valentine_
James F. Valentine

LEGAL26178633.1

INTEL'S MOTION FOR AN UNDERTAKING
Case No.: 12-CV-4413 YGR