**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FUZZYSHARP TECHNOLOGIES INC.,**<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>**INTEL CORPORATION,**<br><br>　　　Defendant. | **Case No.: 12-CV-04413 YGR**<br><br>**ORDER CONVERTING MOTION FOR JUDGMENT ON THE PLEADINGS INTO MOTION FOR SUMMARY JUDGMENT** |

　　Defendant Intel Corporation has filed a Motion for Judgment on the Pleadings on the basis that Plaintiff Fuzzysharp Technologies Inc.'s patents lack patent eligibility.

　　Typically in ruling on a motion for judgment on the pleadings, a court considers only the pleadings—the complaint, the counterclaim, the answers, and any documents attached as exhibits. *See* Fed. R. Civ. P. 7, 12(c).  The Court may also consider matters incorporated by reference into the pleadings or subject to judicial notice.  Where other extraneous matter is submitted, a court has the discretion to exclude the material or convert the motion into one for summary judgment under Federal Rule of Civil Procedure 56 and give all parties a reasonable opportunity to present all pertinent material.  Fed. R. Civ. P. 12(d).

　　Here, not all documents presented by the Defendant may be considered without converting the motion into one for summary judgment.  Additionally, the claims asserted by Fuzzysharp in its infringement contentions are not a part of the pleadings; nor do those infringement contentions appear to be in any of the documents submitted.  The Court will exercise its discretion, consider the material, and treat Defendant's motion as one for summary judgment.

First, the Court will give the parties the opportunity to supplement the record with all pertinent material. Plaintiff shall have 14 days from the date of this Order to submit an additional brief (not to exceed 25 pages) and/or exhibits in connection with the pending motion for summary judgment. Defendant shall then have 7 days to submit an additional brief (not to exceed 15 pages) and/or exhibits in support of its motion.

*Necessity of Claim Construction*

In their briefs, the parties shall also discuss whether claim construction is necessary prior to the determination of patent eligibility. In *Bancorp Services, L.L.C. v. Sun Life Assurance Co. of Canada*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012), the Federal Circuit stated that it will "ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis" because "the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." The Federal Circuit noted, however, that it "perceive[d] no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101." *Id.*

With respect to the patent claims asserted in this lawsuit, in *Fuzzysharp Technologies Inc. v. 3DLabs Inc., Ltd.*, 447 Fed. Appx. 182 (Fed. Cir. 2011), the Federal Circuit already concluded that "the patent eligibility of at least one of these claims turns on questions of claim construction," and remanded to the district court to perform claim construction. Accordingly, the parties' briefs shall address the issue of whether claim construction is required before undertaking a § 101 analysis. This includes identifying any terms or phrases that require a claim construction.

The hearing date of April 30, 2013 is **CONTINUED** to **June 4, 2013**.

**IT IS SO ORDERED**.

Date: April 29, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2