UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FUZZYSHARP TECHNOLOGIES INC.**,<br><br>    Plaintiff,<br><br>vs.<br><br>**INTEL CORPORATION**,<br><br>    Defendant. | Case No.: 12-CV-04413 YGR<br><br>**ORDER DENYING MOTION OF DEFENDANT FOR AN UNDERTAKING** |

Defendant Intel Corporation ("Intel") has filed a Motion for an Undertaking, requesting a $700,000.00 bond as security for its costs and attorneys' fees if Plaintiff Fuzzysharp Technologies Inc. is allowed to continue prosecuting this patent infringement action against it.

Having carefully considered the papers submitted and the pleadings in this action, the Court **DENIES** the Motion because Intel has not identified the source of its entitlement to attorneys' fees if it prevails in this action.[1]

Section 1030 of the California Code of Civil Procedure allows for an undertaking "to secure an award of costs and attorneys' fees which may be awarded" where "the plaintiff resides out of state or is a foreign corporation" and "there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding." Cal. Code Civ. P. § 1030(a)-(b). "'[A]ttorney's fees' means reasonable attorney's fees a party may be authorized to recovery by a statute apart from this section or by contract." Cal. Code Civ. P. § 1030(a). Plaintiff is a foreign

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for April 30, 2013.

corporation and Intel argues there is a reasonable possibility that Intel will obtain a judgment in this action. However, Intel has not shown sufficiently that it could be eligible for an award of attorney's fees pursuant to contract or statute if it prevails in this action.[2] As noted in the Law Revision Commission Comments to Section 1030, "the purpose of this section is to afford security for an award of costs which the defendant might otherwise have difficulty enforcing against a nonresident plaintiff." The purpose of the statute is not advanced in this case as attorneys' fees are not authorized by contract and normally are not awarded in the type of action at issue.

Accordingly, Defendant's Motion for an Undertaking (Dkt. No. 29) is **DENIED**.

Plaintiff's Motion for Leave to File a Sur-Reply (Dkt. No. 41) is **DENIED AS MOOT**.

This Order Terminates Docket Numbers 29 & 41.

**IT IS SO ORDERED**.

Date: April 29, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Intel's motion does not argue that there is a contract or statutory authority to award it attorneys' fees; none of the statutes Intel identifies in its reply brief authorizes recovery of attorneys' fees for the judgment of patent invalidity and/or noninfringement that Intel seeks in this action.