1   David Fink (pro hac vice)
    7519 Apache Plume
2   Houston, TX 77071
    Tel.:  (713) 729-4991
3   Fax.: (713) 729-4951
    texascowboy6@gmail.com
4

5   Duncan M. McNeill
    1514 Van Dyke Avenue
6   San Francisco, CA 94124
    Tel.: (415) 752-5063
7   Fax: (415) 752-5063
    dmcneill1@netzero.com
8   Fed. Bar No. 136416

9   Attorneys for the Plaintiff

10

11

12                  UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                        OAKLAND DIVISION

15

16                                        Civil Action No. 12-CV-4413 YGR
    FUZZYSHARP TECHNOLOGIES
17  INCORPORATED,
                                          SUPPLEMENTAL BRIEF
18              Plaintiff,

19          vs.

20
    INTEL CORPORATION,
21
                Defendant.
22

23

24      Plaintiff FuzzySharp Technologies Inc. (("FST") respectfully submits this Supplemental

25  Brief addressing the comments by the Court during the last few minutes of the Hearing held

26  October 9, 2013 concerning the obligation of the District Court to follow the Holding of the

27  Federal Circuit in the *3DLabs* case relating to the patents in this case.  The undersigned attorney

28  expressed reservations as to reliance on that Federal Court Decision.

1    It is respectfully requested that this short Supplemental Brief be entered and considered

2    by the Court.

3    Unfortunately, the Federal Circuit had no understanding of the claimed invention.  At

4    Page 4, the last paragraph of the Decision, the Federal Court describes the claimed invention only

5    in terms of a plurality of viewpoints within a bounding box, and completely missed the disclosed

6    and claimed embodiment of a single viewpoint.  This important claimed embodiment of a single

7    viewpoint was described in detail during the tutorials on October 2, 2013 and during the Hearing

8    on October 9, 2013.  The single viewpoint is directly relevant to the issue of infringement.

9    Furthermore, the Federal Court failed to address the disclosed and claimed embodiment

10   of using bounding volume, a "box" to enclose a surface, even though this was in the example

11   claim 12 quoted by the Federal Court starting at page 6.  The importance of the bounding

12   volume, the "box", was described in detail during the tutorial and the Hearing.  The "box" is

13   important limitation of the claimed invention for avoiding the removal of a surface from

14   calculations, either hidden or visible, from a conservative point of view so the final image does

15   not look strange such as having a finger sticking out of a wall.

16   The Federal Court at page 8 asserts that it assesses each claim on appeal separately;

17   however, if the Court did not actually understand the claims, it is not likely that a fair and

18   reasonable evaluation of the appealed claims was possible.

19   One might wonder what went wrong with that appeal.  It is possible that the law firm

20   handling the appeal did not understand the claimed invention, or simply did not care if the

21   Federal Court correctly described the invention.  No information is available to show that the law

22   firm asked for a correction.  Fortunately, the case was remanded.

23

24

25

26

27

28

1  Therefore, it is respectfully requested that this Court recognize the limited scope of the

2  Decision of the Federal Court in the *3DLabs* case.

3                                                    THE PLAINTIFF
                                                     FUZZYSHARP TECHNOLOGIES
4                                                    INCORPORATED
   Date: October 11, 2013
5
                                                     By:  /S/ David Fink
6                                                         David Fink
                                                          Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28